Pearson, O. J.
 

 The case of
 
 Hamilton
 
 v
 
 Eller,
 
 11 Ire., 216, was relied upon in the argument, to support the judgment of the court below. There is a material difference between that case and the one now before us. In that case the defendant promised to pay to the plaintiff the sum of $150, ££ payable January 1, 1844, in good trade, to be valued,” &c. Without explanation or qualification, a promise to pay one hundred and fifty dollars, means one hundred and fifty dollars in United States coin, that being the only legal tender or money ; and as the defendant had not availed himself of the right reserved, to pay i£in good trade,” it was held that he had become liable to pay in money, i. e., in United States coin ; for there was nothing to explain or qualify the promise, The stipulation that the debt might be discharged in ££ good trade,” did not tend in .anywise to show that the defendant did not owe to the plaintiff one hundred and fifty dollars ill money.
 

 In our case the promise is, not to pay seventy-one dollars in U. S. coin, which may be discharged by paying enough current bank money to make up that amount in good money, but to pay seventy-one dollars ££in current bank money,” i. e., seventy-one current bank money dollars; in other words, current bank bills calling on their face for seventy-one dollars, 'in the same way as where one promises to pay seventy-one dollars
 
 in currency,
 
 the meaning is to pay curien! notes calling on their face for seventy-one dollars, as
 
 *28
 
 distinguished from seventy-one dollars in U. S. coin, or, as it is termed, “in good money.”
 

 Any other construction of instruments like these would lead to the absurdity of supposing that the same words amount to a promise to pay in U. S. coin, i. good money, and also to a promise to pay in “ current bank bills ” which are not good money ; whereas, it is perfectly clear that the party intends to admit a debt of a given amount,
 
 not
 
 in U. S. coin, as in the case of
 
 Hamilton
 
 v.
 
 Eller,
 
 but only in current bank bills, e. g., seventy-one current bank money dollars, or current bank bills, calling on their face for seventy-one dollars.
 

 Currency
 
 means, '“what passes among the people,” and is made by them to answer, in some degree, the purposes of money. The expression, “ a depreciated currency ” was quite common in the years 1864 and 1865, and the idea that nothing could be considered current unless it was convertible in U. S. coin at par was entertained by no one. Indeed, the truth is, that “ the currency,” — that is to say, the notes of the Confederate States, issued for the purpose, and taking the place, of a circulating medium — had become so far depreciated that the bills of our banks were sought after, .■and hoarded up, as being a good deal better than “the 'Currency and when the defendant undertook to pay the price of the cow in “ current bank money,” it was understood that he promised to pay bank notes amounting on their face to seventy-one dollars, as distinguishable on the •one hand from Confederate notes, or
 
 currency,
 
 and on the other, from U. S. coin, or,
 
 money.
 
 In the same way, a promise at this date to pay seventy-one dollars in greenbacks, does not mean, — to pay seventy-one dollars inU. S. coin, or money, to be discharged by that amount of greenbacks, which, according to the rate of discount, will make tfhat amount in U. S. coin, or money; but is a promise to
 
 *29
 
 pay greenbacks, amounting on tbeir face to seventy-one dollars.
 

 In this view,, which we- believe to be the true one, the plaintiff ought to have brought an action of covenant to recover damages for a breach of promise to pay current bank bills, calling on their face for seventy-one dollars, — in which case the measure of damage would be the value of that amount of bank bills in United States coin.
 

 It is certain that a bond of this kind is not negotiable as a bond tor money. But from the case agreed, we see that the object of the parties is to have the question settled without reference to the form of action ; and, in pursuance of the agreement, the judgment below is reversed, and judgment will be rendered for twenty dollars, (which we consider to have been the value of seventy-one dollars in current bank notes, at the time that the note fell due,) together with interest from the maturity of the note.
 

 Per Cübiam-, Judgment accordingly.